FILED
97 OCT 22 PM 3:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL WHITE,                      )
    APPELLANT,                      )
VS.                                 )       CV97-H-0345-S
AMSOUTH MORTGAGE COMPANY, INC.,     )
    APPELLEE.                       )

ENTERED
OCT 2 2 1997

-----------------

MICHAEL WHITE,                      )
    DEBTOR                          )       BANKRUPTCY CASE
                                            #96-05080-TOM-13

## MEMORANDUM OF DECISION

On December 20, 1996 Michael White filed a notice of appeal from a December 11, 1996 memorandum opinion and order of the United States Bankruptcy Court for the Northern District of Alabama. On January 7, 1997 he filed with the bankruptcy court a designation of the record and a statement of the issues on appeal.

On February 11, 1997 the record on appeal was filed in this court pursuant to Bankruptcy Rule 8007 and a notice was sent by the clerk of this court to the parties advising them that the filing of briefs was governed by Bankruptcy Rule 8009. The written notice from the clerk also advised the parties that the appeal would be deemed submitted for decision at the conclusion of the briefing period. This is not the first bankruptcy case initiated by appellant and this is not the first appeal appellant

has pursued from the bankruptcy court. The record on appeal reflects that over a period of nine years Michael White, as debtor, has filed three voluntary petitions under Chapter 7 and ten voluntary petitions under Chapter 13 in the United States Bankruptcy Court for the Northern District of Alabama. The records of this court reflect that Michael White has pursued at least two prior appeals to this court arising out of some of those bankruptcy cases. His appeal in CV95-H-527-S was dismissed for being untimely; and in CV95-H-2366-S this court affirmed the bankruptcy court's order from which the appeal was taken. That order was appealed to the Eleventh Circuit by Mr. White and the Eleventh Circuit dismissed the appeal for want of prosecution for failure to file a brief and record excerpts.

As the foregoing indicates, appellant is no stranger to the bankruptcy court, bankruptcy proceedings and proceedings on appeal to this court.

In accordance with the notice sent to him by the clerk of this court on February 11, 1997 White's brief was due to be filed by February 26, 1997. No brief has been filed as of this date. Indeed the only document White has filed in this case subsequent to the February 11, 1997 notice from the clerk of court is the letter filed April 25, 1997. That one paragraph letter can scarcely be called a brief as required by Bankruptcy Rule 8010. Indeed that letter and the failure to timely file a brief evidence to this court a sufficient indifference and bad faith to justify the dismissal of White's appeal. See In Re Beverly

**Manufacturing Corporation**, 778 F.2d 666 (11th Cir. 1985). A separate order of dismissal will be entered.

DONE this the 22nd day of October, 1997.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE